IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gertrude Coretta Fennell Hamilton, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Susanna H. Murray; Eric C. Schweitzer; ) <br> Catherine B. Templeton (with); Ogletree, ) <br> Deakins, Nash, Smoak & Stewart, PC; and ) <br> Deputy Clerk Melissa Newman, ) <br> ) <br> Defendants. ) <br> ──────────────────────────── ) | C/A No. 2:15-2085-PMD-MGB <br><br><br> **REPORT AND RECOMMENDATION** |

Gertrude Coretta Fennell Hamilton ("Plaintiff"), proceeding pro se, allegedly brings this civil action as an independent action pursuant to Fed. R. Civ. P. 60(d) seeking to vacate an order and judgment in a prior civil action. Plaintiff is a non-prisoner, and she paid the full filing fee. The Complaint is subject to summary dismissal.

## **BACKGROUND**

This Court takes judicial notice that on August 13, 2007, Plaintiff filed a civil action against Dayco Products LLC, Mark IV Industries, and Liberty Mutual Insurance Company. *See* Complaint, *Hamilton v. Dayco Products, LLC*, C/A No. 2:07-2782-PMD-RSC (D.S.C. Aug. 13, 2007), ECF No. 1 ("*Hamilton I*"). It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Defendants Dayco Products LLC and Mark IV Industries filed a counter claim against Plaintiff. *See* Answer and Counterclaim, *Hamilton I* (D.S.C. Oct. 11, 2007), ECF No. 21. Dayco Products

LLC and Mark IV Industries were represented by attorneys Susanna H. Murray, Eric C. Schweitzer, and Catherine B. Templeton, all with the law firm Ogletree, Deakins, Nash, Smoak & Stewart.  *Id.*  On February 10, 2009, this Court entered an Order granting summary judgment to Defendants Dayco Products LLC and Mark IV Industries.  *Id.* at ECF No. 82.  On May 21, 2009, a Stipulation of Dismissal was filed.  *Id.* at ECF No. 92.  On May 21, 2009, summary judgment in a civil case was entered, and on June 8, 2009, an amended summary judgment in a civil case was entered.  *Id.* at ECF No. 94, 95.

In the instant case, a review of the Complaint [docs. 1, 1-1], and exhibits, reveals that Plaintiff brings this lawsuit alleging that Defendants committed fraud on the court numerous times in order to defeat her claims in *Hamilton I*.  [*Id.*]  Specifically, she alleges that Susanna H. Murray, Eric C. Schweitzer, and Catherine B. Templeton were attorneys employed by the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, PC, in Charleston, South Carolina, and they represented Dayco Products, LLC and Mark IV Industries (party defendants and counter claimants) in *Hamilton I*.  [*Id.*] She alleges that Melissa Newman was a deputy clerk in the United States District Court for the District of South Carolina in the Charleston Division who prepared certain documents and made docket entries in *Hamilton I*.  [*Id.*]

Additionally, this Court gleans these specific allegations by Plaintiff.  In *Hamilton I*, Dayco Products, LLC and Mark IV Industries filed a fraudulent counterclaim against her in retaliation for her filing the lawsuit with the intent to oppress and torture Plaintiff.  [*Id.*] After this Court granted Defendants' motion for summary judgment in *Hamilton I* on February 10, 2009, the Clerk of Court (via deputy clerk Melissa Newman) took 100 days to enter the Judgment on May 21, 2009; this was done to insure the automatic stay was in place per

2

a separate bankruptcy proceeding filed in the United States Bankruptcy Court for the Southern District of New York related to Mark IV Industries. [*Id.*] In *Hamilton I*, deputy clerk Newman's judgment entered on May 21, 2009, indicated that Plaintiff agreed to dismissal of the counterclaim against her; however, this was a false statement because she did not consent. [*Id.*] Later, Newman filed an amended judgment on June 6, 2009, which changed the wording about dismissal of the counterclaim to withdraw the statement that Plaintiff agreed to the dismissal of the counterclaim; also, the docket entry stated "modified on 9/11/2009 to replace damaged document per systems." [*Id.*] The docket entry was a cover-up related to changing the wording of the amended judgment. [*Id.*] During the automatic stay related to bankruptcy, Plaintiff's due process rights were violated with respect to her ability to file an appeal. [*Id.*] Also, the counterclaim against Plaintiff was not fully litigated or properly dismissed. [*Id.*]

Based on these alleged facts, Plaintiff contends Newman "tampered with the administration of justice." [Doc. 1-1 at 4.] Defendants allegedly interfered with Plaintiff's right to timely appeal the order and judgment in *Hamilton I*. [*Id.*] Plaintiff alleges that the evidence provided "proves that fraud was perpetrated on the court by an officer of the court." [*Id.*] Further, Plaintiff alleges that the bankruptcy automatic stay prevented her from filing a timely appeal because it was still active on June 8, 2009. [Doc. 1-1 at 6.] In summary, Plaintiff alleges that Defendants intentionally deceived this Court by revising the words in the amended judgment and covering the deceit by stating that the file on the docket had been damaged to keep anyone from comparing the judgment with the amended judgment while hiding behind the automatic stay. [Doc. 1-1 at 7.] Also, allegedly Susanna H. Murray, Eric C. Schweitzer, Catherine B. Templeton, and Ogletree, Deakins, Nash,

Smoak & Stewart, PC, filed the Stipulation of Dismissal in *Hamilton I*, with the intent to deliberately lie that Plaintiff had agreed to the dismissal of the counterclaim. [Doc. 1-1 at 10.]

In this case, Plaintiff's claims include (1) fraud on the court, (2) retaliation in violation of the Americans with Disabilities Act, and (3) gross negligence. [Doc. 1-1 at 11–12.] Plaintiff seeks $66 million in damages. [*Id.*] Liberally construed, Plaintiff also requests reversal of this Court's order and judgment in *Hamilton I*. [Doc. 1-1 at 13.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Under established local procedure in this judicial district, a careful review has been made of the pro se pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1] *See Mills v. Greenville Cnty.*, 586 F. Supp. 2d 480, 487 (D.S.C. 2008); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *3 (D.S.C. Jan. 8, 2007) (noting that the payment of the full filing fee does not cure lack of jurisdiction), *adopted,* 2007 WL 4952430 (D.S.C. Jan. 30, 2007),

---

[1]This Court is not conducting an initial review of the Complaint pursuant to 28 U.S.C. § 1915.

4

*aff'd*, 251 F. App'x 246 (2007); *see also Bardes v. Magera,* No. 2:08-487-PMD-RSC, 2008 WL 2627134 (D.S.C. June 25, 2008) (finding that a court must not screen a complaint pursuant to 28 U.S.C. § 1915(e)(2) when the plaintiff is a non-prisoner who paid the filing fee); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a pro se party filed an appeal and paid the filing fee, 1915(d) was not applicable but that "we have inherent authority to dismiss an appeal as frivolous.").

Plaintiff is a pro se litigant, and thus the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Serv.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

As a preliminary matter, it appears that this Court has subject matter jurisdiction over this action. This is true whether this action is construed solely as an independent action pursuant to Fed. R. Civ. P. 60(d) in equity to set aside this Court's prior order and judgment in *Hamilton I*, or construed as a *Bivens* action seeking damages against a federal actor (deputy clerk Melissa Newman) for her violations of Plaintiff's due process rights. *See United States v. Beggerly*, 524 U.S. 38, 46 (1998) (there is no requirement for an independent basis for jurisdiction over an action in equity to obtain relief from a prior judgment of this Court); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397

(1971) (the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights).

A suit is frivolous if it lacks an arguable basis in law or fact. *See Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012). Because this action is frivolous, it should be summarily dismissed. While a plaintiff may bring a civil independent action in equity to set aside an order or judgment, there is no authority allowing an independent action for *damages*. *See Chewning v. Ford Motor Co.*, 35 F. Supp. 2d 487, 489 (D.S.C. Dec. 18, 1998). Therefore, to the extent Plaintiff seeks $66 million, the Complaint lacks an arguable basis in law. Accordingly, it is frivolous and subject to dismissal. *See Worley*, 475 F. App'x at 484; *Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792, at *2 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. A'ppx 303 (4th Cir. 2007).

Additionally, to the extent Plaintiff brings this action in equity to set aside the *Hamilton I* order or judgment, it is still frivolous because it lacks an arguable basis in law or fact. Plaintiff already brought to the attention of this Court in *Hamilton I*, that she objected to ECF No. 94 (Summary Judgment) deliberately stating that the parties agreed to dismiss when she did not agree.[2] *See* Motion for Reconsideration, *Hamilton I* (D.S.C. Aug. 11, 2009), ECF NO. 96 at 3. In that motion, she alleged that she "wanted a Jury Trail (sic) to show the Defendant's unclean hands. The Chapter 11, *Automatic Stay stopped* all activity on this case." *Id*. Thus, Plaintiff requested the Court to void the Summary Judgment and withdraw the final order. *Id*. at 4. Also, during her direct appeal in *Hamilton*

---

[2]Further, Plaintiff's objection to the dismissal of the counterclaim against her, which sought damages for excess payments made to her, seems frivolous.

6

*I*, Plaintiff could have raised the issue about the Amended Summary Judgment allegedly being wrongfully modified on 9/11/2009 with the Fourth Circuit Court of Appeals; the *Hamilton I* appeal was decided on February 23, 2010.  *See* Opinion, *Hamilton I* (D.S.C. Feb. 23, 2010), ECF NO. 103.  In fact, the Fourth Circuit considered the denial of the motion for reconsideration on the merits.  *Id.*  In other words, the fact that Plaintiff had knowledge of the facts—related to the changing of the language in the two judgments and the docket entry about replacing a damaged document on 9/11/2009—during the trial court and/or appellate court proceedings in *Hamilton I* causes this Court to consider it frivolous for Plaintiff to raise the facts again in this new action filed approximately five years after the appeal was decided.

    Finally, Plaintiff's claims against Susanna H. Murray, Eric C. Schweitzer, Catherine B. Templeton, and Ogletree, Deakins, Nash, Smoak & Stewart, PC, are frivolous because they do not have an arguable basis in law.  Plaintiff does not allege that those defendants acted pursuant to federal or state law.  Accordingly, Plaintiff cannot pursue a *Bivens* claim or § 1983 claim against them.  Also, Plaintiff cannot bring a suit for negligence against the attorneys who represented the other litigants in *Hamilton I* because there was no duty owed to Plaintiff.  *See, e.g., Strategene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 773–74 (D.Md. 2004); *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528 (N.D.Tx. 1996) (as a matter of law, plaintiff could not sue attorneys who represented another party in a lawsuit to which plaintiff was also a party because the claims arose of out conduct undertaken in their attorney capacity).

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 16, 2015
Charleston, South Carolina

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).