# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Gertrude Coretta Fennell Hamilton,   ) | |
| ) | C.A. No.: 2:15-cv-2085-PMD-MGB |
| Plaintiff,   ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| Susanna H. Murray; Eric C. Schweitzer;   ) | |
| Catherine B. Templeton (with); Ogletree   ) | |
| Deakins, Nash, Smoak & Stewart, PC;   ) | |
| and Deputy Clerk Melissa Newman,   ) | |
| ) | |
| Defendants.   ) | |
| ) | |

Plaintiff Gertrude Coretta Fennell Hamilton, proceeding *pro se*, brought this civil action pursuant to Rule 60(d) of the Federal Rules of Civil Procedure. Plaintiff seeks to vacate an order and judgment entered in a prior civil action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), the action was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R & R"). This matter comes before the Court upon Plaintiff's objections to United States Magistrate Judge Mary Gordon Baker's recommendation that the Court dismiss the petition without prejudice and without issuance and service of process. (ECF Nos. 14 & 9.) For the reasons stated herein, the Court overrules Plaintiff's objections, adopts Magistrate Judge Baker's R & R, and dismisses the action without prejudice and without issuance and service of process.

## **BACKGROUND**

This action arises out of Plaintiff's prior claim of employment discrimination against Dayco Products LLC ("Dayco"), Mark IV Industries ("Mark IV"), and Liberty Mutual Insurance Company ("Liberty Mutual"). In that suit, Dayco and Mark IV filed a counterclaim against

Plaintiff for overpayment of benefits. That counterclaim is the primary basis of Plaintiff's complaint in this action. In 2007, this Court awarded summary judgment to Dayco, Mark IV, and Liberty Mutual on Plaintiff's employment discrimination claim. Additionally, Dayco and Mark IV dismissed their counterclaim with prejudice. In their stipulation of dismissal, Dayco and Mark IV stated that Plaintiff had consented to the dismissal. Deputy Clerk Melissa Newman then prepared and filed a judgment on May 21, 2009, stating that the counterclaim was dismissed by agreement of the parties. Plaintiff alleges that she did not agree to the dismissal of the counterclaim against her, and that on June 8, 2009, Newman prepared an amended judgment that dismissed the counterclaim with prejudice. The amended judgment removed the statement that the counterclaim was dismissed with Plaintiff's consent. On August 11, 2009, Plaintiff filed a motion for reconsideration on the basis that she did not agree to dismiss the counterclaim. This Court denied the motion, and the Fourth Circuit affirmed on appeal.

Plaintiff then filed the present action, in which she seeks to be relieved from the portion of the judgment dismissing the counterclaim against her with prejudice. Plaintiff also seeks damages because Defendants perpetrated fraud on the Court. As discussed above, Judge Baker entered an R & R in the present action, to which Plaintiff filed objections. This matter is now ripe for consideration.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo

review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Plaintiff filed a document titled Amended Objections to Report and Recommendation. However, Plaintiff failed to make a single objection, much less a specific one. Plaintiff's "objections" simply restate the arguments she raised in her complaint. *See Cabbagestalk v. Miller*, No. 3:06-1125 SBJRM, 2007 WL 172507, at *3 (D.S.C. Jan. 17, 2007) (stating that the Court is not required to ignore Plaintiff's failure to make specific objections where, "Plaintiff's response to the R&R merely rehashes . . . many of the same allegations raised in [her] complaint."). After reviewing the record, the Court concludes that Magistrate Judge Baker's R

& R accurately analyzes this case and the applicable law and that the R & R makes a proper recommendation for the disposition of this case. Finding no errors in the R & R, the Court adopts it and incorporates it by reference into this order.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Objections to Judge Baker's R & R are **OVERRULED**. The action is hereby dismissed without prejudice, and without issuance or service of process.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**October 14, 2015**
**Charleston, South Carolina**

4